12-3846
Jiang v. Holder

BIA
Cheng, IJ
A094 787 175

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand fourteen.

PRESENT:
        JON O. NEWMAN,
        PIERRE N. LEVAL,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

DONG PING JIANG,
        *Petitioner,*

        v.                                        12-3846
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        David X. Feng, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Anthony C. Payne,
                       Senior Litigation Counsel; Ali
                       Mohammad Manuchehry, Trial Attorney,
                       Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dong Ping Jiang, a native and citizen of the People's Republic of China, seeks review of a September 11, 2012, decision of the BIA affirming the April 20, 2011, decision of Immigration Judge ("IJ") Mary M. Cheng, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Ping Jiang*, No. A094 787 175 (B.I.A. Sept. 11, 2012), *aff'g* No. A094 787 175 (Immig. Ct. N.Y. City Apr. 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Jiang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).  Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."  *Xiu Xia Lin*, 534 F.3d at 166 n.3.  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Id*. at 167.  In this case, the agency reasonably based its adverse credibility determination on Jiang's demeanor, the inconsistencies in her evidence, the lack of plausible explanation for those inconsistencies, and the lack of corroborating evidence regarding her practice of Falun Gong in the United States.

The IJ stated in her decision that Jiang's testimony often seemed as though she was reciting a memorized story, and the hearing transcript bears out this observation. We generally afford particular deference to an IJ's assessment of an applicant's demeanor, *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), and can be even more confident in review where, as here, those observations "are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Moreover, a key part of Jiang's testimony was omitted from the majority of her documentary evidence. Jiang testified on direct examination that she had held a position as head of village security, and as a result was able to warn the Falun Gong practitioners in her village of an impending arrest, but because she warned them, she herself was arrested. However, neither of Jiang's two asylum applications nor the letter from her father mention the position she held or its significance to her claim. Because the REAL ID Act permits the agency to base a credibility finding on any inconsistency, this omission provides substantial evidence supporting the agency's adverse

4

credibility determination, particularly because it relates to Jiang's allegation of past harm. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Furthermore, the agency reasonably rejected Jiang's explanations for the omission, as the IJ considered the explanations and found them unpersuasive. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Finally, as to Jiang's independent claim of a well-founded fear of future persecution based on her practice of Falun Gong in the United States, the agency reasonably rejected that claim due to Jiang's lack of credible corroboration. Jiang's only evidence that she practiced Falun Gong in the United States was the affidavit, and testimony, of Dao Fen Chen, the woman with whom she lived. However, in her affidavit, Chen stated that she was Jiang's cousin, but testified that they were not related. Because the witness was inconsistent and thus not credible, the agency reasonably determined that Jiang had not established a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

A totality of the circumstances supports the agency's adverse credibility determination, based on Jiang's

unresponsive testimony, omissions, and lack of credible explanation.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  Furthermore, because the only evidence of a threat to Jiang's life or freedom depended upon her credibility, the adverse credibility finding necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6